IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SUNNY REED                                                                                                            PLAINTIFF

vs.                                                Civil No. 6:16-cv-06128

NANCY A. BERRYHILL                                                                  DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sunny Reed ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed her disability application on January 7, 2011. (Tr. 12). In this application, Plaintiff alleges being disabled due to bipolar disorder. (Tr. 111). Plaintiff alleges an onset date of May 15, 2010. (Tr. 12). This application was denied initially and again upon reconsideration. (Tr. 53-54).

Plaintiff requested an administrative hearing on September 14, 2012. (Tr. 66-67). This request was granted, and Plaintiff's administrative hearing on held on October 3, 2012. (Tr. 330-

361). Thereafter, on November 30, 2012, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 12-20). Plaintiff then appealed this unfavorable decision to this Court, and Plaintiff's case was reversed and remanded for further consideration of her low GAF scores. *See Reed v. SSA,* 6:14-cv-06033 (W.D. Ark. 2014).

After this remand, the ALJ held a second administrative hearing. (Tr. 641-682). Subsequent to this hearing, the ALJ entered a second unfavorable decision. (Tr. 374-387). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on September 30, 2010. (Tr. 376, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of May 15, 2010 through her date last insured of September 30, 2010. (Tr. 337, Finding 2). The ALJ determined that through her date last insured of September 30, 2010, she had the following severe impairment: bipolar disorder. (Tr. 377, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 377-378, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 379-385, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured of September 30, 2010, the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant could not perform work that exposed her to hazards, required operation of dangerous machinery, or exposed her to unprotected heights because of prescription medication side-effect issues. She was limited to work that required no contact with the general public. The claimant was limited to

2

simple, routine, and repetitive tasks where the supervision would be simple, direct, and concrete; SVP 1 or 2 jobs that could be learned within 30 days.

*Id.*

Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 385-386, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 386-387, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as the following: (1) kitchen helper (unskilled, medium) with approximately 250,000 such jobs in the national economy; and (2) cleaner (unskilled, medium) with approximately 700,000 such jobs in the national economy. (Tr. 386-387, Finding 10). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her alleged onset date of May 15, 2010 (alleged onset date) through September 30, 2010 (date last insured). (Tr. 387, Finding 11). Thereafter, on December 12, 2016, Plaintiff filed his Complaint in this action. ECF No. 1. Both Parties have filed appeal brief and have consented to the jurisdiction of this Court. ECF Nos. 5, 14-15. This case is now ready for decision.

2.  **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 14. Specifically, Plaintiff argues the following: (A) the ALJ erred in applying the Listings; (B) the ALJ erred in disregarding the findings of her treating physician; and (C) the ALJ erred in considering her low GAF scores. *Id.* The Court will address each of these arguments.

#### A. **Listings**

Plaintiff claims the ALJ erred in evaluating her bipolar disorder under the Listings. ECF No. 14 at 11-20. Specifically, Plaintiff claims the ALJ failed to address Listings 12.03 (schizophrenia and other psychotic disorders), 12.04 (depressive, bipolar, and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders). *Id.* Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's

5

argument in this matter, the Court finds Plaintiff has not met her burden of demonstrating her impairments meet the requirements of any of these Listings.

Indeed, each of these Listings (12.03, 12.04, and 12.06) has very specific requirements. Upon review of Plaintiff's briefing in this matter, Plaintiff has not demonstrated *how* she meets any of these specific requirements. Without more, the Court simply cannot find Plaintiff has met her burden of demonstrating her impairments meet the requirements of Listings 12.03, 12.04, and 12.06. Thus, the Court will not address these listings further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

### B. Treating Physician

Plaintiff claims the ALJ erred by failing to adopt the findings of her treating physician. ECF No. 14 at 20-24. Specifically, Plaintiff claims the ALJ erred in evaluating the findings of Dr. Lorraine Tsui, M.D. *Id.*

As noted by the ALJ, however, Dr. Tsui began treating Plaintiff on May 15, 2012. (Tr. 315-317). Plaintiff's date last insured was September 30, 2010. (Tr. 378, Finding 1). Thus, as the ALJ recognized, Dr. Tsui's treatment records are "well after the claimant's date last insured of September 30, 2010" and were "therefore given little weight for the period prior to September 30, 2010." (Tr. 384). Based upon these facts, the Court finds no basis for reversal on this issue.

### C. GAF Scores

Plaintiff claims the ALJ erred by failing to properly assess her Global Assessment of

Functioning or "GAF" scores. ECF No. 14 at 24-27. The Court previously reversed and remanded Plaintiff's case for consideration of this issue. *Id. See Reed v. SSA,* 6:14-cv-06033 (W.D. Ark. 2014).

In his opinion, the ALJ did recognize Plaintiff "has had low Global Assessment of Functioning (GAF) scores" and also acknowledged those "scores are sometimes used to measure functional abilities." (Tr. 384). The ALJ, however, went on to state that these scores have "no direct correlation to the severity requirements in the mental disorder listings" and were not "a reliable measure of functional ability as GAF scores reveal only a picture in time and do not necessarily correlate with disability." *Id.* The ALJ also noted the GAF score "is divided into sub-components of psychological, social and occupational impairments, and the score does not identify the weight of the occupational sub-component." *Id.* Because the ALJ recognized Plaintiff's low GAF scores but also provided reasons for discounting those low GAF scores, the Court finds the ALJ did properly consider Plaintiff's GAF scores, and the Court finds no basis for reversal on this issue.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of February 2018.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE